

Thomas M. Volz
Michael G. Vigliotta
David H. Arntsen
Joshua S. Shteierman

Sarah A. Gyimah
Michaela M. Weidtman
Tyleana K. Venable

280 Smithtown Blvd.
Nesconset, NY 11767
Phone (631) 366-2700
Fax (631) 256-1704
www.volzvigliotta.com

October 31, 2024

**<u>VIA ECF</u>**
Honorable Magistrate Judge Steven I. Locke
New York State District Court
Eastern District of New York
100 Federal Plaza
Courtroom 820
Central Islip, New York 11722

       Re:    *Maura E. Lynch v. Village of Sag Harbor, Sgt. Thomas Pagano, and Stephen Vacarro*
              <u>Case No.: 2:15-CV-04630</u>

Honorable Magistrate Judge Locke:

      Further to this Court's Orders of September 26 and October 15, 2024, the parties write to provide you with a joint list as to the remaining discovery in this case. The parties wish to respectfully advise the Court that they do not agree with each other as to the items set forth in each party's submission and reserve all rights. It is respectfully requested that the Court advise if a conference shall be scheduled to address the parties' contentions.

      For the Defendants, Thomas Pagano and the Village of Sag Harbor, the items that remain outstanding for discovery are the same items that this Court has directed Plaintiff to provide on several occasions, *to wit*, a response to the individualized demands contained within the Supplemental Demand for Production of the Village defendants dated December 16, 2022. Specifically, those items are as follows:

      1.    True and complete copies of the transcripts of all audio recordings made by the Plaintiff during any of the events and/or incidents that are referenced in the Plaintiff's complaint and/or were the subject of deposition testimony in this case. Plaintiff is also required to identify and provide existing transcripts of any recordings, whether previously disclosed or not, which shall be offered by the Plaintiff at the trial of this case. These written transcripts must be complete and must not be edited, redacted, or otherwise altered from the format in which they were received by the Plaintiff. Plaintiff has provided some, but not all of this information, characterizing that which she withheld (1, 3, 4, 5 and 6) as "unrelated."

2. For each written transcript provided in response to request Number 1 herein, all audio recordings that were used by the person or agency that transcribed the recordings in their unedited and/or unaltered format. Please specifically label and/or otherwise identify by date, time and location where each recording was made.

3. Copies of any additional and/or other recordings made by the Plaintiff, whether or not transcribed at Plaintiff's or anyone else's request in their unaltered and unedited form. This request is directed at any recordings made of any of the parties herein pertaining in any way to any of the claims articulated in the Plaintiff's complaint or interrogatories herein.

4. The name, current address, and current telephone number for the Plaintiff's brother, Michael.

5. The name, current address, and current telephone number for the individual who accompanied the Plaintiff to the police station at the time the Plaintiff met with Sergeant Pagano thereat after the incident that took place at 24 Ninevah Place in August, 2014.

6. The name, current address, and current telephone number for any other person whom Plaintiff believes was a witness to any of the events that form the basis of Plaintiff's claims herein.

7. Copies of all medical, hospital, treating physician, therapy, diagnostic testing, or other medical provider records in possession of the Plaintiff, including but not limited to psychological and/or psychiatric records, including but not limited to an updated authorization for "the Greens", for a period of time beginning on January 1, 2013, through and including the present date. For each record provided, please provide an unrestricted HIPPA authorization permitting the firm of the undersigned to obtain the records directly from the provider.

8. Copies of all medical, hospital, treating physician, therapy, diagnostic testing, or other medical provider records in possession of the Plaintiff, including but not limited to psychological and/or psychiatric records, who have diagnosed the Plaintiff with Post Traumatic Stress Disorder. For each record provided, please provide an unrestricted HIPPA authorization permitting the firm of the undersigned to obtain the records directly from the provider.

9. Copies of any written statements in Plaintiff's possession made by and/or on behalf of the Defendant's, incorporated Village of Sag Harbor and Thomas Pagano. Please include in the response to this demand copies of any correspondence or other exchanges between the Plaintiff and anyone on behalf of the Defendant concerning any issue or claim raised by the Plaintiff in this lawsuit.

10. True and complete copies of each and every order and/or transcript and/or other document from any court of any jurisdiction upon which the Plaintiff will rely in establishing her right to be present at 24 Ninevah Place on August 14-17, 2014.

As may be obvious from the nature of the outstanding items, the Village defendants respectfully reserve their right, following the receipt of information responsive to this long

outstanding demand, to review the same to determine if such requires additional discovery based upon the response. The Village defendants further object to Plaintiff's requests included herein as same have either been provided or were not previously requested.

For defendant, Stephen Vacarro:

There is no outstanding discovery due from Plaintiff to Defendant Vaccaro, and no known discovery due from Defendant Vaccaro to Plaintiff that has not already been addressed by this Court previously.

For plaintiff, Lynch:

Lynch submits that due to her personal emergency which is still very serious and not yet resolved keeping her in a very vulnerable and bad situation, she has not had sufficient time to review all the details and information being requested at this time and feels it is inherently unfair to press her while she is experiencing a crisis. She has had little to no sleep for the past four weeks, is experiencing severe anxiety, nightmares, headaches and other physical ailments resulting from the stress which has been overwhelming and preventing her from maintaining the normal function and control over her life.  She simply has not had the time to invest the necessary focus on this task, she has not had the necessary time to dedicate to this task and is stressed to the max. That said, off the top of my head the following items remain outstanding.

    A.  From Defendant Vaccaro:

1.	Copy of photo he confirmed during discovery he was in possession of Lynch sleeping in her car.

2.	Copy of Order Appointing him as receiver of the 24 Ninevah Place property.

3.	Copy of his UCS-872 related to the above receivership over 24 Ninevah Place.

4.	Copy of all correspondence from the NYS Office of Guardian and Fiduciary Services regarding his receivership over 24 Ninevah Place.

5.	Copy of all correspondence regarding the sale contract with George Spadoro and his wife for the 24 Ninevah Place property, including all correspondence with them, their broker, his broker, and title company.

6.	Copy of a court order dated between March 5, 2014 and August 14, 2014 from the NYS Supreme Court directing Lynch to vacate 24 Ninevah Place that was entered in accordance with CPLR and Lynch's due process rights.

    B.  From Defendant Pagano and/or Village of Sag Harbor:

1.	Copy of Sgt Pagano's domestic violence training records.

    2.    All information relative to any discipline proceedings regarding Sgt Pagano.

    3.    Copy of all communication with other police officers and third parties relating to the incidents at 24 Ninevah Place.

Lynch reserves her right to request additional information from any party subject to review of information received or to be received.

Additionally, Lynch submits that most of the information Defendant Pagano/Village of Sag Harbor claims is outstanding has already been produced, some several times, like the HIPPA forms, but due to the time demanded of me with this emergency, I have not been able to review every single item that has been turned over thus far, nor confirm that it is everything.

Apologies to Mr. Arntsen regarding the production of the Deposition transcript. All discovery throughout these proceedings have been done via email, and due to their inadvertent oversight on filing the Affidavit of Service I had no idea that they had sent the information requested to my post office box.

Apologies also for the poor construction of my comments. I am in very bad shape and this is the best I can do right now.

The Court's consideration of this matter is greatly appreciated.

                        Respectfully Submitted,

                        David H. Arntsen

DHA:kp
c:  Maura E. Lynch
    Lee J. Mendelson, Esq.
***DRAFT BETWEEN PARTIES***